IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

```
LOUIS VUITTON MALLETIER S.A.   )
                               )
          Plaintiff,           )
                               )          1:06cv321(JCC)
          v.                   )
                               )
HAUTE DIGGITY DOG, LLC,        )
VICTORIA D.N. DAUERNHEIM, and  )
WOOFIES, LLC                   )
                               )
          Defendants.          )
```

## M E M O R A N D U M   O P I N I O N

This matter comes before the Court on Plaintiff's objections to Magistrate Judge Poretz's January 26, 2007 Order and Defendants' motion for attorneys' fees. For the following reasons, the Court will overrule Plaintiff's objections and deny Defendants' motion.

### I.   Background

Plaintiff, Louis Vuitton Malletier S.A., ("LVM") is a manufacturer of luxury consumer goods, including luggage and handbags. In 1896, LVM created a Monogram Canvas Pattern Design mark and trade dress, which includes, *inter alia,* an entwined L and V monogram with three motifs and a four pointed star, and is used to identify its products. In 2002, Vuitton introduced a new signature design in collaboration with Japanese designer Takashi Murakami. LVM manufactures a limited number of high-end pet products, such as leashes and collars that range in price from $250 to $1600. Defendants in this action are Haute Diggity Dog,

LLC ("HDD"), Victoria Dauernheim, and Woofies, LLC d/b/a Woofie's
Pet Boutique.  HDD is a company that markets plush stuffed toys
and beds for dogs under names that parody the products of other
companies.  HDD sells products such as Chewnel #5, Dog Perignon,
Chewy Vuiton, and Sniffany & Co. in pet stores, alongside other
dog toys, bones, beds, and food, and most are priced around $10.

On March 5, 2005, Plaintiff first contacted Defendants
with a cease and desist letter, requesting immediate cessation of
the Chewy Vuiton product line.  Counsel for Defendants responded
with case law supporting a non-infringement theory of parody.
Defendants continued to sell the product line, with no further
communications from Plaintiff.  on March 24, 2006, Plaintiff
filed action in the Eastern District of Virginia alleging
trademark infringement, copyright infringement, counterfeiting,
and trademark dilution.  Following the close of discovery, this
Court granted summary judgment for the Defendants.  Defendants
then filed a motion for attorneys' fees and costs on December 29,
2006.  Plaintiff opposed the motion as untimely, and Defendants
filed a motion for enlargement of time.  Defendants' motion for
enlargement was granted on January 26, 2007.  Plaintiff has
appealed Judge Poretz's Order to this Court, alleging clear
error.  Plaintiff's appeal of the Order and Defendants' motion
for attorneys' fees and costs are currently before the Court.

## II.  Plaintiff's Appeal of Magistrate's Order

A)  <u>Standard of Review</u>

Rule 72(a) of the Federal Rules of Civil Procedure permits a party to submit objections to a magistrate judge's ruling on nondispositive matters such as discovery orders.  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); see *Federal Election Comm'n v. The Christian Coalition,* 178 F.R.D. 456, 459-60 (E.D. Va. 1998) (citing *Thomas E. Hoar, Inc. v. Sara Lee Corp.,* 900 F.2d 522, 525 (2d Cir.1990)).  As a non-dispositive matter, the review of a magistrate's discovery order is properly governed by the "clearly erroneous or contrary to law" standard of review. *See Jesselson v. Outlet Assocs. of Williamsburg, Ltd. Partnership,* 784 F.Supp. 1223, 1228 (E.D. Va. 1991).

Only if a magistrate judge's decision is "clearly erroneous or contrary to law" may a district court judge modify or set aside any portion of the decision. Fed. R. Civ. P. 72(a); *see* 28 U.S.C. § 636(b)(1)(A).  A court's "finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *United States v. United States Gypsum Co.,* 333 U.S. 364, 395 (1948); *see also Harman v. Levin,* 772 F.2d 1150, 1152 (4th Cir. 1985). Altering a magistrate's non-dispositive orders as "extremely difficult to justify."  *See* 12 Wright & Miller, Federal Practice

3

and Procedure § 3069 (2d ed. 1997).  Although an abuse of

discretion attitude should apply to many discovery and related

matters, it need not curtail the power of the district judge to

make needed modifications in the magistrate judge's directives.

*Id.*

    B) <u>Analysis</u>

        Plaintiff has appealed the magistrate judge's January

26, 2007 Order granting Defendants' motion for enlargement of

time, alleging that the magistrate judge committed clear error in

granting Defendant's motion for enlargement on the basis of

excusable neglect.  Plaintiff agrees that a court may permit an

untimely filing upon a showing of excusable neglect, pursuant to

Rule 6(b) of the Federal Rules of Civil Procedure, but argues

that the magistrate judge clearly erred in his determination that

excusable neglect existed.

        Pursuant to Fourth Circuit law, a court reviewing for

excusable neglect must first determine whether the failure to

meet the deadline resulted from excusable neglect; if the answer

is yes, then the court should consider the equities and decide

whether to excuse the error." *Thompson v. DuPont de Nemours &*

*Co.,* 76 F.3d 530, 533 (4th Cir. 1996).  The Fourth Circuit has

accepted a definition of "excusable neglect" as "at bottom an

equitable [inquiry], taking account of all relevant circumstances

surrounding the party's omission [including late filings caused

by inadvertence, mistake, carelessness, or intervening

circumstances], including the danger of prejudice to the [non-

movant], the length of the delay and its potential impact on

judicial proceedings, the reason for the delay, including whether

it was within the reasonable control of the movant, and whether

the movant acted in good faith."  *Id.* (citing *Pioneer Inv. Serv.*

*Co. v. Brunswick Assoc. Ltd. P'ship,* 507 U.S. 380, 395 (1993)).

The Fourth Circuit has also stated that excusable neglect is not

easily demonstrated, and inadvertence, ignorance of the rules, or

mistakes construing the rules do not *usually* constitute excusable

neglect*.*  *Id.*  Nonetheless, excusable neglect is a discretionary

decision that is reserved to the magistrate.

        While Plaintiff has filed objections alleging error, in

substance it seeks to relitigate the issues that were heard and

decided before Magistrate Judge Poretz.  Upon review of the

various issues raised for error or contrariness to law, this

Court finds that the magistrate judge properly exercised his

discretion in holding that Defendants' neglect to timely file its

motion for attorneys' fees was excusable due to failure of

service by the Clerk on two counsel of record.  Considering this

reason for delay and a determination of good faith on the part of

Defendants, as well as the length of the delay, potential impact

on judicial proceedings, the magistrate judge's decision was

within the discretion of the magistrate.  Accordingly, this Court

finds no clear error or contrariness of law in the magistrate

judge's decision, and Plaintiff's appeal will be denied.  Thus,

this Court will entertain the merits of Defendant's motion for

attorneys' fees.

### III.  Defendants' Motion for Attorneys' Fees

A)  <u>Standard of Review</u>

In cases arising under the Lanham Act, attorneys' fees

are available in "exceptional cases."  15 U.S.C. § 1117(a); *Ale*

*House Management, Inc. v. Raleigh Ale House, Inc.,* 205 F.3d 137,

144 (4th Cir. 2000).  Under the Lanham Act, in cases where a

defendant prevails,[1] an exceptional case is found upon a showing

of "something less than bad faith."  *Scotch Whisky Ass'n v.*

*Majestic Distilling Co.,* 958 F.2d 594, 599 (4th Cir. 1992).

Relevant factors in this analysis include economic coercion,

groundless arguments, and failure to cite controlling law.  *Id.*

(quoting *Noxell Corp. v. Firehouse No. 1 Bar-B-Que Restaurant,*

771 F.2d 521, 526 (D.C. Cir. 1985)).

In cases arising under the Copyright Act, a court has

discretion to award costs to any party and reasonable attorneys'

fees to the prevailing party.  In making this determination,

---

[1]The Fourth Circuit's dual standard, which distinguishes attorneys' fees in cases where defendants prevail from cases in which plaintiffs prevail was called into doubt by the United States Supreme Court in *Forgery v. Fantasy,* 510 U.S. 517 (1994).  *Forgery* suggests an "evenhanded approach" between cases in which plaintiffs and defendants prevailed.  *Id.* at 533-34.  However, because the Defendants prevailed in this case, the applicability of *Scotch Whiskey's* standard as pertains to cases initiated by plaintiffs is not relevant to the resolution of this case.

courts are to consider: (1) the motivation of the parties; (2)

the objective reasonableness of the legal and factual positions

advanced; (3) the need in particular circumstances to advance

considerations of compensation and deterrence; and (4) any other

relevant factor presented.  *Superior Form Builders, Inc. v. Dan*

*Chase Taxidermy Supply Co.,* 74 F.3d 488, 498 (4th Cir. 1996)

(citing *Rosciszewski v. Arete Assocs., Inc.,* 1 F.3d 225, 234 (4th

Cir. 1993)).

    B) <u>Analysis</u>

        1)  <u>Trademark, Dilution, and Counterfeiting Claims</u>

        Defendants move for attorneys' fees for trademark,

dilution and counterfeiting claims on the "exceptional case"

theory, stating that:  (1) LVM's action lacked a good faith basis

and had no reasonable likelihood of success; (2) LVM's motivation

in bringing suit was solely to strong-arm HDD into terminating

the Chewy Vuiton product line; (3) LVM waited a year to file

suit, filed in an inconvenient forum, filed frivolous and

unecessary motions, and contacted HDD re-sellers after suit was

pending; (4) ignored controlling parody precedent; and (5) an

award of attorneys' fees is necessary to deter related actions by

affiliated companies whose products are also parodied by HDD.

This Court will address these arguments in sequence, and then

determine, in light of the entire case, whether the claims and

assertions were so lacking in merit that the action as a whole

was "exceptional." *See Retail Servs., Inc. v. Freebies Publishing,* 247 F.3d 535, 551 (4th Cir. 2004).

        a) <u>Economic Coercion, Delay, and Abuse of Litigation Process</u>

Defendants first allege abuse of the litigation process by the Plaintiff as a ground for attorneys' fees on all counts. Defendants allege that LVM's motivation in bringing suit was solely to strong-arm HDD into terminating the Chewy Vuiton product line and LVM waited a year to file suit, filed in an inconvenient forum, filed frivolous and unecessary motions, and contacted HDD re-sellers after suit was pending.  However, in support of these allegations, Defendants offer only conclusory statements of LVM's motivation in bringing suit and provide little evidence of abuse of the litigation process.  Defendants further argue that Plaintiff's motions for protective order and declaratory judgment in New York were frivolous and costly.  The Court finds no support for abusive tactics with respect to these motions or allegations of economic coercion.

        b) <u>Good Faith Basis and Reasonable Likelihood of Success</u>

This case was decided on cross-motions for summary judgment, because no material facts were in dispute, leaving only questions of law for the Court.  However, both Plaintiff and Defendants presented valid legal arguments, which this Court examined carefully in rendering a decision.  Although the Court

ultimately ruled in favor of the Defendants, this Court found

nothing frivolous about Plaintiff's claims.  Granting of summary

judgment alone does not equate to objective unreasonableness of a

claim.  *See, e.g., Robinson v. New Line Cinema Corp.,* 57 F. Supp.

2d 211, 218 (D. Md. 1999).

Plaintiff's counterfeiting claim was significantly less

meritorious.  Counterfeiting requires "a spurious mark which is

identical to or substantially indistinguishable from the real

mark."  15 U.S.C. § 1127.  This Court found that an interlocking

C and V are clearly distinguishable from an L and V, and the

counterfeiting claim failed.  However, the claim also related to

the color patterns and design, which were more closely related.

While the Court did not find enough merit to support a

counterfeiting claim, it cannot conclude that there was no good

faith basis or reasonable likelihood for success.  Accordingly,

this Court finds that the action was brought in good faith and

with reasonable likelihood of success.

c) Controlling Precedent and Deterrence

Defendants' argument that Plaintiff ignored controlling

case law on the issue of parody also lacks merit.  Plaintiff

adequately addressed and litigated the parody issue and cited

relevant parody cases, including Fourth Circuit precedent.  To

Plaintiff's arguments for deterrence, this Court has determined

that the litigation at hand was not frivolous.  Therefore there

is no need to deter future frivolous litigations on similar
subject matter, and this argument also fails.  *See, e.g., Diamond
Star Bldg. Corp. v. Freed,* 30 F.3d 503, 506 (4th Cir. 1994).  For
these reasons stated above, this Court concludes that the case at
bar is not an "extraordinary case."  Accordingly, Defendants'
motion for fees and costs will be denied for the trademark,
dilution, and counterfeiting claims.

   2) <u>Copyright Claims</u>

   To determine if attorneys' fees are warranted for the
copyright claims, this Court must examine: (1) the motivation of
the parties; (2) the objective reasonableness of the legal and
factual positions advanced; (3) the need in particular
circumstances to advance considerations of compensation and
deterrence; and (4) any other relevant factor presented.  *Ale
House Management, Inc. v. Raleigh Ale House, Inc.,* 205 F.3d 137,
144 (4th Cir. 2000).  Similar to the trademark claims, Plaintiff
raised objectively reasonable claims for copyright infringement.
Furthermore, the Court finds Defendants' allegation of bad faith
on the part of LVM in bringing suit unsupported and unconvincing.
Accordingly, the Court finds that the first two factors favor the
Plaintiff.

   For the third factor, Defendants point to potential law
suits by two affiliated companies as grounds for attorneys' fees
against LVM.  However, consideration of this factor is usually

relevant in cases of chronic infringement or the pursuit of

frivolous claims, neither of which was at issue in this case.

*See, e.g., Diamond Star Bldg. Corp.* 30 F.3d at 506; *Superior Form*

*Builders, Inc. v. Dan Chase Taxidermy Supply Co.,* 74 F.3d 488,

398 (4th Cir. 1996).  Taking the relevant factors into

consideration, the Court finds little reason to award attorneys'

fees to Defendants in this case.  Accordingly, Defendants' motion

will be denied with respect to Plaintiffs' claims for copyright

infringement.

## IV.  Conclusion

        For the foregoing reasons, the Court will deny

Plaintiff's motion appealing the magistrate judge's Order, and

deny Defendants' motion for attorneys' fees and costs.

February 28, 2007                   _____/s/_____
Alexandria, Virginia                      James C. Cacheris
                                    UNITED STATES DISTRICT COURT JUDGE